■ DILBERT'S QUALITY SUPERMARKETS, INC., Respondent, v. MARTIN BRUCE, Respondent, and STEPHEN D. FULLER et al., Appellants.— The order and judgment (one paper) of May 6, 1959 is modified, on the law, on the facts and in the exercise of discretion, to the extent of deleting the first, fourth, fifth and sixth decretal paragraphs thereof and providing that the motion of the said defendant-respondent for summary judgment is in all respects denied, and, as so modified, affirmed. Defendants-appellants assert an interest which affects the shares of stock here involved. There are involved factual issues, including the alleged repudiation of the agreement of May 23, 1958, which may not be resolved without a trial. Settle order on notice. The injunction order of January 18, 1960 is modified, on the law, on the facts and in the exercise of discretion, to the extent of deleting the second and third decretal paragraphs and substituting in lieu of the second decretal paragraph the provision that the motion of defendants-appellants is granted to the extent of restraining plaintiff-respondent from issuing and/or transferring 9,000 shares of its common stock to defendant-respondent and enjoining and restraining him from receiving and accepting from plaintiff-respondent 9,000 shares of its common stock upon the said defendants-appellants filing a penal bond in the total sum of $50,000 running to defendant-respondent as prescribed by section 893 of the Civil Practice Act, and, as so modified, affirmed. We are of the opinion that the *status quo* should be preserved pending the trial of the issues of this action. In our opinion a speedy determination of the litigation is indicated and in the interest of justice leave is given any party to the litigation to make an appropriate application for a trial preference. Settle order on notice. In view of the disposition of [order and judgment of May 6, 1959] decided herewith, the severance order of January 18, 1960 is reversed, on the law, on the facts and in the exercise of discretion, and the motion to vacate the judgment and sever the action is denied as moot. Settle order on notice. Concur — Rabin, J. P., McNally and Bergan, JJ.; Valente and Stevens, JJ.,

dissent in the following dissenting memorandum by Stevens, J.: I dissent and vote to affirm the orders and judgment appealed from. It is not disputed that respondent Bruce never executed an assignment of option. There was at most an agreement to sell his option to appellants. Under the terms of the option granted respondent, no rights in respect to the shares covered by the option existed until the exercise of the option and payment as called for. Respondent elected to exercise the option and, in the absence of an assignment, it was properly directed that delivery be made. Respondent has been enjoined from parting with the shares, the subject of the option, and appellants, if entitled to any equitable relief, may obtain full and adequate relief in the suit pending between the parties. Respondent, however, may well suffer irreparable harm if it be determined upon a trial that appellant repudiated its agreement with respondent as respondent alleges.